IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LUIS RIVERA-SIACA, et al.,

**Appellant,**

v.

DCC OPERATING, INC.,

**Appellee.**

CIVIL NO. 08-2396 (FAB)

OPINION AND ORDER[1]

BESOSA, District Judge

Before the Court is DCC Operating, Inc.'s ("appellee") motion to dismiss the pending appeal because of appellants' failure to comply with Bankruptcy Rule 8006. (Docket No. 2) Luis Rivera-Siaca, Enery Ortiz-Rivera, and the Conjugal Partnership Rivera-Ortiz ("appellants") opposed the motion and moved to supplement the record on appeal. (Docket No. 7) For the reasons discussed below, the Court hereby **GRANTS** appellee's motion to dismiss and **DENIES** appellants' motion to supplement the record.

**FACTUAL AND PROCEDURAL HISTORY**

On November 20, 2008, the Bankruptcy Court denied appellants' Rule 60(b) motion. (Case No. 03-0090; Docket No. 355) That same day appellants submitted a Notice of Appeal, electing to appeal to the district court pursuant to 28 U.S.C. § 158, Rule 8001(e) of the

---

[1] Whitney L. Meier, a second-year student at Georgetown University Law Center, assisted in the preparation of this opinion.

Civil No. 08-2396 (FAB)                                                  2
_____

Federal Rules of Bankruptcy Procedure, and Local Rule 77.2(d). (Docket Nos. 7-2 & 7-3)  On December 1, 2008, appellants successfully moved for an extension of time until December 11 to submit the requisite designation of the record and statement of issues on appeal.  (Docket Nos. 7-4 & 7-5)  On December 16, 2008, appellants moved for a second extension of time to file, which the Bankruptcy Court denied.  (Docket Nos. 7-7 & 7-10)  The Bankruptcy Court ordered its Clerk to file a certificate with this Court that appellants never filed the appropriate documents.  (Docket No. 7-10)

On December 18, 2008, this Court received notice of the appeal from the Bankruptcy Court.  (Docket No. 1)  On December 22, appellants filed their Designation of the Record on Appeal and Statement of the Issues on Appeal with the Bankruptcy Court. (Docket No. 7-12) On the same day, appellants filed an Urgent Motion for Reconsideration asking the Bankruptcy Court to accept their designation of the record and transmit it to this Court as the record on appeal. (Docket No. 7-13) Appellants claimed the second extension should have been permitted because there was excusable neglect.  (Id.)  The tendered excuse was that appellants' counsel was busy with another case pending in this district after having problems with the Court's electronic filing system, CM/ECF. (Id.)

Civil No. 08-2396 (FAB)                                                  3

Also on December 22, 2008, appellee filed a motion to dismiss alleging appellant's failure to comply with Bankruptcy Rule 8006. (Docket No. 2)  The Bankruptcy Court chose not to rule on Appellants' Urgent Motion for Reconsideration pending this Court's decision on appellee's Motion to Dismiss.  (Docket No. 7-14) Appellants filed their opposition to appellee's motion to dismiss on January 13, 2009, and further moved the Court to supplement the record to include their Designation of the Record on Appeal and Statement of the Issues on Appeal. (Docket No. 7)  Appellants also moved for leave to file their opposition in excess of twenty-five pages on January 14, 2009, which the Court granted.  (Docket Nos. 8 & 26)  Appellee submitted a reply to appellants' opposition on January 23, 2009.  (Docket No. 13)

**DISCUSSION**

**I.   The Bankruptcy Court's Discretion**

    **A.   Certification of the Record on Appeal**

Appellants mistakenly allege that the Bankruptcy Court exceeded its authority by certifying that no record was filed. (See Docket No. 7, p. 13)  Within ten days after an appellant files a timely notice of appeal from an order of a bankruptcy judge, "the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented."  Fed.R.Bankr.P. 8006. Upon an appellant's failure to file a designation of the record

timely, "the Clerk shall forward to the proper appellate court a certification that no designation of the record was filed." L.R.Bankr.P. 8006-1.  Although the notice of appeal deprives the trial court (in this case the Bankruptcy Court) of jurisdiction "to adjudicate any matters related to the appeal," United States v. Distasio, 820 F.2d 20, 23 (1st Cir. 1987), the trial court may act "in aid of appeal," Spound v. Mohasco Indus., 534 F.2d 404, 411 (1st Cir. 1976), by correcting errors and omissions in the record. See Fed.R.App.P. 10(e); Inland Bulk Transfer Co. v. Cummins Engine Co., 332 F.3d 1007, 1013 (6th Cir. 2003) ("The distinction . . . is between actions that merely aid the appellate process and actions that alter the case on appeal" (quoting Allan Ides, *The Authority of a Federal District Court to Proceed After a Notice of Appeal Has Been Filed*, 143 F.R.D. 307, 323 (1992))).

The Bankruptcy Court acted within its discretion under the local bankruptcy rules when it certified that no record was timely designated.  See L.R.Bankr.P. 8006-1(a).  Appellants filed their second motion for an extension of time five days after the first extended deadline had passed.  They failed timely to designate the record on appeal and the statement of issues to be presented. Contrary to appellants' allegations, the Bankruptcy Court was not altering or spoiling the case on appeal.  This case is distinguishable from Hogg v. United States where the First Circuit Court of Appeals vacated an order of the trial court striking the

Civil No. 08-2396 (FAB)                                                  5

notice of appeal.  Hogg v. United States, 411 F.2d 578, 580 (1st Cir. 1969).  The court of appeals explained that the trial court had exceeded its limited jurisdiction to act in aid of the appeal.  Id.  In this case, unlike in Hogg, the Bankruptcy Court made no changes or alternations to the case on appeal; it did not strike, add to, or increase the scope of the record.  The trial court was merely following its local rules, of which appellants should have been aware.  Thus, the Bankruptcy Court acted appropriately within its discretion when it certified that no designation of the record was filed.

   B.   **Denial of the Second Motion for an Extension of Time**

Appellants also challenge the Bankruptcy Court's decision to deny the second motion for an extension of time to file, alleging sufficient excusable neglect.  (See Docket No. 7, p. 20)  The trial court has discretion to permit a late designation of both the record on appeal and the statement of issues when a motion is filed showing that the failure to meet the deadline was a result of excusable neglect.  See F.R.Bankr.P. 9006(b)(1); see, e.g., Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd., 507 U.S. 380, 383 n.2 (1993).  Trial courts have "significant discretionary authority to set and enforce filing deadlines in accordance with the Federal Rules of [Bankruptcy] Procedure, even when those deadlines are difficult for lawyers to meet."  Perez-Cordero v. Wal-Mart P.R., 440 F.3d 351, 353 (1st Cir. 2006); see Maldonado-Denis v. Castillo-

Civil No. 08-2396 (FAB)                                                        6

Rodriguez, 23 F.3d 576, 583-84 (1st Cir. 1994).  Denials of extensions, reviewed for an abuse of discretion, are rarely overturned; the appellant must show that the circumstances made the denial unfair.  See Perez-Cordero, 440 F.3d at 534; Mendez v. Banco Popular of P.R., 900 F.2d 4, 6-7 (1st Cir. 1990).

It is not clear if the Bankruptcy Court evaluated appellants' second motion for an extension under the excusable neglect standard because it made no explicit findings when it denied appellants' second motion for an extension.  (Docket No. 7-10)  Rule 9006(b)(1), however, gives the Bankruptcy Court discretion; it does not require admission of tardily filed documents.  See Fed.R.Bankr.P. 9006(b)(1) ("The court for cause shown *may* at any time within its *discretion* . . . permit the act to be done where failure to act was the result of excusable neglect.")  (emphasis added).  This Court will review appellants' second motion for an extension of time for excusable neglect in the interest of determining if the denial was unfair.

**II.  Excusable Neglect**

Determining whether or not to allow a late filing because of excusable neglect is an equitable inquiry.  Pioneer Inv. Servs. Co., 507 U.S. at 389.  The Court must examine the relevant circumstances including "the danger of prejudice to the debtor, the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the

Civil No. 08-2396 (FAB)                                                  7

reasonable control of the movant, and whether the movant acted in good faith." Id. at 395. Upon examination of these factors, the Court finds no excusable neglect.

### A.    Prejudice

Prejudice to the opposing party weighs against a finding of excusable neglect. See Pioneer Inv. Servs. Co., 507 U.S. at 395. Prejudice may be the lengthening itself of already protracted proceedings. In re Callahan, 211 B.R. 131, 132 (N.D.N.Y. 1997); see also Envisionet Computer Servs. v. ECS Funding, LLC, 288 B.R. 163, 166 (D.Mass. 2002) (finding a twenty-six day delay prejudicial to opposing party). In this case, there is no evidence of prejudice other than the protracted proceedings themselves. The case has been ongoing for seven years. (See Docket No. 2, p. 1) The further delay created by appellants in this case is at least minimally prejudicial to appellee.

### B.    Length of Delay

The delay of eleven days from the first extended deadline to when appellants actually filed the designation of the record and statement of issues has an unfavorable impact on judicial proceedings. "The nature of a bankruptcy proceeding motivates the reason for having a short time frame for filing . . . the court has an obligation to protect the interests of the potentially many interested parties by distributing as quickly as possible what often are economically fragile assets." In re Advance Cellular

Civil No. 08-2396 (FAB)                                                  8

Sys., Inc., 262 B.R. 10, 14 (D.P.R. 2001).  The designation of the record and statement of issues give the reviewing court an understanding of the contested topics.  Id.  The Court has a strong interest in reviewing these documents in a timely manner and is therefore negatively affected by a party's failure to comply with deadlines.  See Envisionet Computer Servs., 288 B.R. at 166 (finding a twenty-six day delay detrimental to "the efficient administration of justice").  Although the delay resulting from appellants' failure to file on time is not excessive, the nature of bankruptcy proceedings and the purpose of the documents in question indicate that even a short delay has an unfavorable impact on judicial proceedings.  Accordingly, the Court finds that the delay weighs against excusable neglect.

    **C.    Reason for Delay**

The excuse given for late filing is the most important factor in the analysis of excusable neglect; a party must have a satisfactory explanation.  E.g., Graphic Commc'ns Int'l Union, Local 12-N v. Quebecor Printing Providence, Inc., 270 F.3d 1, 5-6 (1st Cir. 2001) (finding no excusable neglect where reason for delay was lacking despite one day delay, no prejudice, and no bad faith).  Appellants' excuse is that their counsel was busy working on Advance Export v. Medline Industries, Inc., No. 06-1527, another case pending in this district.  Appellants allege that filing problems with the CM/ECF system on December 10 and 11 in Advance

Export made it impossible to file the designation of the record of this case on time.  (See Docket No. 7, p. 9)  The reason given for the additional delay from December 11 to the 16 was that counsel was busy preparing the Proposed Pretrial Order in Advance Export.  (See Docket No. 7, p. 9)

     Appellants' explanation for the untimely designation is insufficient because an attorney's occupation with other matters does not constitute excusable neglect.  See Chamorro v. Puerto Rican Cars, Inc., 304 F.3d 1, 5 (1st Cir. 2002) ("The fact that an attorney has other fish to fry is not an acceptable reason for disregarding a court order."); Freiria Trading Co. v. Maizoro S.A., 187 F.R.D. 47, 49 (D.P.R. 1999) ("[B]eing involved in another case - even a high profile case - will not excuse an attorney . . . in a different case.").  While there are cases holding that CM/ECF problems excuse late filing, see Raines v. Chenowith, No. 1:03CV1289-JDT-TAB, 2005 WL 1115804, at *3 (S.D.Ind. Mar. 30, 2005), the computer problems of which appellants complain only occurred in Advance Export.  There were no technical problems in this case.  Further, appellants' counsel delayed an additional five days while working on the Advance Export pretrial order.  "Most attorneys are busy most of the time and they must organize their work so as to be able to meet the time requirements of matters they are handling or suffer the consequences." Piero Schroeder v. Fed. Nat'l Mortgage Ass'n, 574 F.2d 1117, 1118 (1st Cir. 1978).

Civil No. 08-2396 (FAB)                                              10

Appellants' counsel knew of the deadline in this case and should have prepared adequately in advance or requested another extension within that deadline.  Instead, counsel *chose* to wait until five days after the expiration of the deadline to bother filing for another extension.  That sort of neglect is not excusable.

   **D.   Good Faith**

        Appellee alleges that appellants acted in bad faith.  The Court, however, finds little evidence supporting the accusation.  Although bad faith weighs against a finding of excusable neglect, it is not a prerequisite to the conclusion that a party's neglect was inexcusable.  See Hosp. del Maestro v. NLRB, 263 F.3d 173, 175 (1st Cir. 2001).  It is apparent that appellants have been less than diligent with regard to court rules and deadlines.  For example, appellants filed an opposition to the present motion in excess of the twenty-five page limit in this Court's local rules, L.R. 7.1, only to file a motion for leave to do so a day later.  (See Docket Nos. 7 & 8).  "[b]ecause there is no indication that this attitude was intentional, [however,] the [C]ourt will not consider this factor, [good faith], to favor either side."  Ayala Rios v. Rios Hernandez, 189 F.R.D. 38, 40 (D.P.R. 1999).

   **E.   In Sum**

        Considering all of the circumstances, the Court finds no excusable neglect for appellants' failure timely to file the required documents or to request an extension.  Even if all of the

other factors weighed in favor of appellants, there would still not be excusable neglect without a valid excuse. See Dimmit v. Ockenfels, 407 F.3d 21, 25 (1st Cir. 2005). The Bankruptcy Court did not abuse its discretion when it denied appellants' second motion for an extension because there was no excusable neglect and accordingly, no unfairness to appellants under the circumstances.

### III. Appropriateness of Dismissal

Appellants challenge the sanction of dismissal as being too severe under the circumstances. (Docket No. 7) Failure to designate the record and provide a statement of issues timely "is ground only for such action as the district court . . . deems appropriate, which may include dismissal of the appeal." F.R.Bankr.P. 8001(a); see L.R.Bankr.P. 1001-1(f). Although the district court has discretion to dismiss an appeal upon a violation of Bankruptcy Rule 8006, dismissal is a harsh sanction and should only be used when a party's misconduct is flagrant and imprudent. See Benitez-Garcia v. Gonzalez-Vega, 468 F.3d 1, 5 (1st Cir. 2006); Colokathis v. Wentworth-Douglass Hosp., 693 F.2d 7, 9 (1st Cir. 1982). The Court should consider "the severity of the violation, the legitimacy of the party's excuse, repetition of violations, the deliberateness *vel non* of the misconduct . . . and the adequacy of lesser sanctions." Benitez-Garcia, 468 F.3d at 5 (quoting Robson v. Hallenbeck, 81 F.3d 1, 2-3 (1st Cir. 1996)). Other sanctions may consist of a warning, a reprimand, an imposition of costs and

attorneys' fees, or a temporary suspension of counsel. Colokathis, 693 F.2d at 10 (citing Zavala Santiago v. Gonzalez Rivera, 553 F.2d 710, 712 (1st Cir. 1977)). The Court's power of dismissal is used to "prevent undue delays in the disposition of pending cases, docket congestion, and the possibility of harassment of a defendant." Id. at 9. "The bottom line policy consideration is whether the sanction of dismissal matches the conduct at issue." In re Fitzsimons, 920 F.3d 1468, 1474-75 (9th Cir. 1989).

The conduct of appellants in this case warrants dismissal of the appeal. As discussed above, appellants have failed more than once to comply with court rules and deadlines. Additionally, the alleged justification for the violation of Bankruptcy Rule 8006 is not a valid excuse. Appellants' counsel made a deliberate decision that working on Advance Export was more important than meeting the deadlines in this case. Counsel could have filed a brief motion for a second extension of time within the deadline yet chose to spend the effort working on another case. Under these circumstances, dismissal serves to prevent disregard for court rules and deadlines, possible harassment to both the Court and appellee, and further delay after seven years of litigation. Dismissal is the sanction that "matches the conduct at issue." In re Fitzsimmons, 920 F.2d at 1474-75.

Furthermore, this Court needs an adequate record to decide the appeal, which appellants failed to produce timely. "When an

Civil No. 08-2396 (FAB)                                            13

appellant fails to provide a record of evidence material to the point appellant wishes to raise . . . the court in its discretion may . . . dismiss the appeal if the absence of a full record thwarts intelligent and reasoned review." Wilson v. Wells Fargo Bank, N.A., 402 B.R. 66, 69-70 (1st Cir. 2009) (quoting Scarfo v. Cabletron Sys., Inc., 54 F.3d 931, 963 (1st Cir. 1995)).  In Payeur, the First Circuit Court of Appeals dismissed the appeal because the appellant fully failed to designate the record on appeal, leaving the court unable to evaluate the basis for the bankruptcy judge's findings. In re Payeur, 22 B.R. 516, 519 (1st Cir. 1982).  Like the appellant in Payeur, appellants in this case have failed to meet their responsibility of presenting an adequate record on appeal in order for this Court to review the basis for the Bankruptcy Court's decision.  As in Payeur, dismissal of the appeal is appropriate under the circumstances.

**IV.  Motion to Supplement the Record on Appeal**

Appellants move to supplement the record with its tardily proffered Designation of the Record on Appeal and Statement of the Issues on Appeal. (Docket No. 7)  Bankruptcy appeals to this Court are "taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts . . . ."  28 U.S.C. § 158 (c)(2).  Accordingly, Rule 10(e) of the Federal Rules of Appellate Procedure applies. See In re Food Fair, Inc., 15 B.R. 569, 571 (S.D.N.Y. 1981); In re Saco Local

Civil No. 08-2396 (FAB)                                                14

Dev. Corp., 15 B.R. 226, 228 (Bankr. D.Me. 1981). Rule 10(e) gives the appellate court discretion to supplement the record on appeal. Fed.R.App.P. 10(e) ("If anything material to either party is omitted . . . by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded . . . by the court of appeals."). The Court has found no error in the omission of the record in this case. Further, even if it were to have found error, it is within its discretion whether or not to supplement the record on appeal. In light of the circumstances discussed above, the Court **DENIES** appellants' motion to supplement the record on appeal.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** appellee's motion to dismiss the appeal for failure to comply with Bankruptcy Rule 8006 and **DENIES** appellants' motion to supplement the record on appeal. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, August 5, 2009.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE